# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **RAFEAL ARLANDOS JACKSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 04-924-DRH** |
| | ) | |
| **JOE STEINHAUER,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

This action comes before the Court on Plaintiff's motions for a temporary restraining order

and for preliminary injunction (Doc. 3), to appoint counsel (Doc. 5), and for ruling (Docs. 8 & 10).

*Temporary Restraining Order*

Plaintiff seeks issuance of a temporary restraining order (TRO), which is an order issued

without notice to the party to be enjoined that may last no more than ten days.  A TRO may issue

without notice

> only if (1) it clearly appears from the specific facts shown by affidavit or by the
> verified complaint that immediate and irreparable injury, loss, or damage will result
> to the applicant before the adverse party or that party's attorney can be heard in
> opposition, and (2) the applicant's attorney certifies to the court in writing the
> efforts, if any, which have been made to give the notice and the reasons supporting
> the claim that notice should not be required.

FED.R.CIV.P. 65(b).  Without expressing any opinion on the merits of any other of Plaintiff's claims

for relief, the Court is of the opinion that a TRO should not issue in this matter.  Plaintiff's

allegations do not set forth specific facts demonstrating the likelihood of immediate and irreparable

harm *before Defendants can be heard*.

Moreover, federal courts must exercise equitable restraint in when asked to take over the administration of a prison, something that is best left to correctional officials and their staff.

Finally, it appears that Plaintiff is no longer detained in the St. Clair County Jail, but is now incarcerated in a Missouri prison.  As such, the request for requested relief is now moot.

**IT IS THEREFORE ORDERED** that the request for issuance of a temporary restraining order (Doc. 3) is **DENIED**.

*Preliminary Injunction*

> In considering whether to grant injunctive relief, a district court is obligated to weigh the relative strengths and weaknesses of a plaintiff's claims in light of a five-part test that has long been part of the Seventh Circuit's jurisprudence. Specifically, a plaintiff must establish: (1) that there is a reasonable or substantial likelihood that he would succeed on the merits; (2) that there is no adequate remedy at law; (3) that absent an injunction, he will suffer irreparable harm; (4) that the irreparable harm suffered by plaintiff in the absence of the injunctive relief will outweigh the irreparable harm that defendants will endure were the injunction granted; and (5) that the public interest would be served by an injunction. *Teamsters Local Unions Nos. 75 and 200 v. Barry Trucking*, 176 F.3d 1004, 1011 (7th Cir. 1999).

Based on Plaintiff's allegations, and without expressing any opinion on the merits of any other of Plaintiff's claims for relief, the Court finds that it cannot issue a preliminary injunction in this action.  Plaintiff is no longer detained in the St. Clair County Jail, therefore he will not suffer irreparable harm at the hands of Defendants.  As such, the request for preliminary injunction (Doc. 3) is **DENIED**.

*Appointment of Counsel*

Until the Court has completed a preliminary review of the complaint, *see* 28 U.S.C. § 1915A, Plaintiff's request for appointment of counsel is premature.  Therefore, the motion for appointment of counsel (Doc. 5) is **DENIED** without prejudice.  Once the Court has completed that

preliminary review, Plaintiff may renew his request at that time.

*Ruling on Outstanding Motions*

Plaintiff requests that the Court rule on his outstanding motions for a temporary restraining order and appointment of counsel. Earlier in the text of this order, Plaintiff's outstanding motions were ruled upon. Therefore this motion (Doc. 8) is **DENIED** as moot.

*Review Under 28 U.S.C. § 1915A*

As to Plaintiff's request for review under section 1915A, the case is currently in threshold status and will be analyzed pursuant to the dictates of the statute as soon as is feasible.

Accordingly, Plaintiff's motion for ruling (Doc. 10) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:** August 31, 2005.


/s/   David RHerndon
**DISTRICT JUDGE**

- 3 -